# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

CRAYTONIA BADGER,                                                                                          PLAINTIFF
ADC #162710

v.                                              2:22CV00088-LPR-JTK

SHELIA MARONEY, et al.                                                                                  DEFENDANTS

## ORDER

Craytonia Badger ("Plaintiff") has filed a Motion for Leave to Proceed In Forma Pauperis ("IFP Motion") and a pro se complaint pursuant to 42 U.S.C. § 1983. (Doc. Nos. 1, 2).

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Plaintiff sued Arkansas Division of Correction Director Dexter Payne, Records Unit Supervisor Shirley Dover, and Records Administrator Shelia Maroney in their personal and official capacities. (Doc. No. 2 at 1-2). Plaintiff alleges Defendants violated his due process rights by failing to apply Ark. Code Ann. § 5-4-403(b) to allow his 60-year ADC sentence to run concurrently with an earlier-imposed federal sentence and an earlier imposed sentence from the State of Mississippi. (Id. at 4-9). Section 5-4-403(b) provides:

> (b) When a sentence of imprisonment is imposed on a defendant who has previously been sentenced to imprisonment, whether by a court of this state, a court of another state, or a federal court, the subsequent sentence shall run concurrently with any undischarged portion of the previous sentence unless, upon

recommendation of the jury or the court's own motion, the court imposing the subsequent sentence orders it to run consecutively with the previous sentence.

ARK. CODE. ANN. § 5-4-403(b). Plaintiff seeks damages and injunctive relief in the form of "block[ing] [Defendants] from [] [f]ailing to extend Ark. 5-4-403(b) to other states and federal jurisdictions," among other things. (Doc. No. 2 at 6, 10). In other words, Plaintiff asks the Court to direct Defendants to treat Plaintiff's federal and Mississippi sentences as concurrent to his 60-year ADC sentence, thereby shortening the length of time Plaintiff will remain incarcerated.

Plaintiff's allegations fail to state a claim for which relief may be granted under 42 U.S.C. § 1983. Plaintiff challenges the duration of his confinement; success on his claims here would mean a speedier release. As such, his request for damages is barred by Heck v. Humphrey, 512 U.S. 477 (1994); Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (civil rights actions "barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."). And Plaintiff's request for injunctive relief is not available in this civil rights action. Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973).

While Plaintiff's allegations fail to state a claim for relief under 42 U.S.C. § 1983, the injunctive relief Plaintiff asks for may be sought in a federal habeas corpus action. If Plaintiff wishes for the Court to reclassify this lawsuit as a habeas action, he should let the Court know within thirty (30) days of the date of this Order. If Plaintiff does not respond to this Order, or responds and wishes to proceed with claims under 42 U.S.C. § 1983, the Court will rule on Plaintiff's pending IFP Motion and will recommend Plaintiff's § 1983 claims be dismissed without prejudice for failure to state a claim on which relief may be granted.

IT IS SO ORDERED this 25th day of May , 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE