IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**CRAYTONIA BADGER,**
**ADC #162710**                                                                                      **PETITIONER**

**V.**                              **CASE NO. 2:22-cv-00088-LPR-JTK**

**SHEILA MARONEY,**
**SHIRLEY DOVER,**
**DEXTER PAYNE**                                                                                     **RESPONDENTS**

**RECOMMENDED DISPOSITION**

**I.    Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Lee Rudofsky. Any party to this suit may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

**II.   Background:**

Mr. Badger has been charged and sentenced with both state and federal crimes.[1] On January 25, 2017, he received a sentence of 63 months of imprisonment in the federal Bureau of Prisons (BOP) while he was still in the custody of the Arkansas Department of Correction (ADC) on a 15-year sentence for separate charges. The sentencing court, the United States District Court for the

---

[1] Mr. Badger's procedural history is outlined in more detail in a recommended disposition written by this Court in a previously dismissed habeas case. See *Craytonia Badger v. Bureau of Prisons*, Case No. 2:19-CV-140-DPM, Doc. No. 9 at pp.3-6. What follows is a summary of those facts.

Northern District of Mississippi, indicated that this federal sentence was to run consecutively to any state sentence he was currently serving.

On February 22, 2018, Mr. Badger completed his state sentence for two of his Arkansas state convictions. He remained in ADC custody, however, because he still had pending charges in a separate Arkansas state case, as well as a 7-year sentence for a Mississippi state conviction that was not credited for his time served in the ADC. On November 28, 2018, Mr. Badger was convicted and sentenced to 60 years of imprisonment in the ADC on his remaining Arkansas state charges.

On November 8, 2019, Mr. Badger filed a *pro se* petition for writ of habeas corpus, arguing primarily that the BOP failed to credit his federal sentence from February 22, 2018 until November 28, 2018. See *Craytonia Badger v. Bureau of Prisons*, Case No. 2:19-CV-140-DPM, Doc. No. 1. Additionally, Mr. Badger asserted that federal authorities should have taken primary custody over him on February 22, 2018, and that the failure to do so lengthened the time of his incarceration. *Badger*, Case No. 2:19-CV-140-DPM, Doc. No. 8.

On March 5, 2020, this Court recommended that Mr. Badger's habeas petition be dismissed without prejudice, because his claims regarding his federal sentence were premature as long as he remained in state custody. *Badger*, Case No. 2:19-CV-140-DPM, Doc. No. 9. Chief Judge Marshall adopted this Court's recommendation on April 14, 2020, and dismissed Mr. Badger's case, without prejudice. *Badger*, Case No. 2:19-CV-140-DPM, Doc. No. 10. Chief Judge Marshall noted in his Order that after Mr. Badger enters BOP custody, his federal sentence will be calculated; if Mr. Badger disagrees with this calculation once it is made, he may exhaust his administrative remedies and then re-file a petition for a writ of habeas corpus in the appropriate court. *Id.*

On October 30, 2020, Mr. Badger filed another *pro se* petition for writ of habeas corpus, raising the same issues that were addressed in his November 8, 2019 petition. See *Craytonia Badger v. Bureau of Prisons*, Case No. 2:20-CV-217-BSM, Doc. No. 1. On December 3, 2020, Magistrate Judge Beth Deere recommended that Mr. Badger's habeas petition be dismissed without prejudice, because his claims regarding his federal sentence remained premature while he was still in state custody. *Badger*, Case No. 2:20-CV-217-BSM, Doc. No. 2. Mr. Badger filed objections to this recommendation, arguing that when he was paroled on February 22, 2018, he should have been taken into custody by the BOP. On December 30, 2020, Judge Miller adopted Judge Deere's recommendation and dismissed Mr. Badger's case again, without prejudice. *Badger*, Case No. 2:20-CV-217-BSM, Doc. No. 4. In his Order, Judge Miller responds to Mr. Badger's objections by stating that prisoners have no right to contest issues of jurisdiction and custody involving multiple sovereigns. *Id.* Additionally, Judge Miller notes that a sentence of imprisonment only commences on the date that the federal government has primary jurisdiction over and a defendant *and* has physical custody of that defendant. *Id.* Since Mr. Badger was never taken into physical custody by the BOP, his claims were not permitted to proceed at the time the petition was filed. *Id.*

Now, Mr. Badger has filed another *pro se* petition for writ of habeas corpus, raising the same issues that he raised in earlier petitions. (Doc. No. 2)

**III.    Discussion:**

Summary dismissal of a habeas corpus petition—prior to a response or answer from the respondent—is appropriate where the petition itself and court records plainly show that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Habeas Corpus Cases.

It does not appear from court records that Mr. Badger has yet entered the custody of the BOP, and Mr. Badger confirms that he remains in state custody in his petition. (Doc. No. 2 at p.1) Therefore, pursuant to Chief Judge Marshall's April 14, 2020 Order in Case No. 2:19-CV-140-DPM, and Judge Miller's December 30, 2020 Order in Case No. 2:20-CV-217-BSM, Mr. Badger's claims remain premature; and Mr. Badger's petition should be summarily dismissed, without prejudice.

### III.     Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rule Governing Section 2254 Cases in the United States District Courts. The Court can issue a certificate of appealability only if Mr. Badger has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Badger has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

### IV.     Conclusion:

The Court recommends that Judge Rudofsky DENY and DISMISS Mr. Badger's petition for writ of habeas corpus (Doc. No. 2), without prejudice. Furthermore, Judge Rudofsky should deny a certificate of appealability.

Also pending is Mr. Badger's motion for leave to proceed in forma pauperis (Doc. No. 1), motion to voluntarily dismiss (Doc. No. 6), motion for leave to amend (Doc. No. 8), and motion requesting the Court to order Respondents to respond (Doc. No. 9). These motions are DENIED as moot.

DATED this 21st day of February, 2023.

                                              _____
                                              UNITED STATES MAGISTRATE JUDGE